UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 4:04-cr-40021-JPG-2 |
| JAMONTE L. ALLISON, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on two motions. (Docs. 522, 523). The Defendant has asked for appointment of counsel, (Doc. 522), and release from custody "per clemency grant." (Doc. 523).

The Defendant was sentenced to a 240-month term of imprisonment on September 6, 2005, followed by a ten-year term of supervised release. (Doc. 219). On August 5, 2016, President Barrack Obama commuted his sentence, shortening the term of his imprisonment so that the term would expire on December 1, 2016, but left the other conditions of his sentence intact. (Doc. 454).

Inexplicably, six-years later, on November 18, 2024, the Defendant filed a motion for a new trial. (Doc. 512). The motion is barely legible, and the portions that are legible are nonsensical; his successive motions are no clearer. Regardless, the President granted the Defendant executive clemency—a rare and extraordinary remedy; excluding supervised release, his sentence has been served. The Defendant has not been revoked nor, to the Court's knowledge, is there a pending revocation proceeding, thus there is no indication that this Court has been vested with general jurisdiction over this matter. In his most recent filing, the

1

Defendant admits that there is no federal case against him and that he is being held in *state* custody. (Doc. 523).

While the Defendant is at liberty to file a habeas petition pursuant to 28 U.S.C. § 2254, it is not clear from the record, nor from the decipherable portions of his motions, that he is making claims that would warrant said habeas relief. Accordingly, the Court hereby **DENIES** all pending motions, (Docs. 522, 523), for lack of jurisdiction.

Furthermore, the Court advises the Defendant to submit legible filings in the future and advises the Defendant that, with few exceptions—such as a habeas petition filed pursuant to § 2254—this Court has no jurisdiction here and, therefore, filing motions in this case will only waste time and judicial resources.

The Court advised the Defendant of these facts in its previous order, (Doc. 521); however, the Defendant seems to be under the mistaken impression that he was granted clemency by President Joe Biden, and that a presidential commutation has an effect or impact on *state* offenses. The federal and state systems are separate from one another; while his federal sentence has been commuted, if the Defendant seeks clemency for state offenses, only the Governor of Illinois can provide said relief.

**IT IS SO ORDERED.**
**DATED:  February 11, 2025**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**