UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 4:04-cr-40021-JPG-2 |
| JAMONTE L. ALLISON, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on multiple letters filed by Jamonte Allison. (Docs. 527–531). Allison's filings continue to be jumbled, unclear, and difficult to decipher.

The Defendant was sentenced to a 240-month term of imprisonment on September 6, 2005, followed by a ten-year term of supervised release. (Doc. 219). On August 5, 2016, President Barrack Obama commuted his sentence, shortening the term of his imprisonment so that the term would expire on December 1, 2016, but left the other conditions of his sentence intact. (Doc. 454).

Inexplicably, six-years later, on November 18, 2024, the Defendant filed a motion for a new trial. (Doc. 512). That motion was barely legible, and even the portions that were legible were nonsensical; his successive motions are no clearer. Regardless, the President granted the Defendant executive clemency—a rare and extraordinary remedy; excluding supervised release, his sentence has been served. The Defendant has not been revoked nor, to the Court's knowledge, is there a pending revocation proceeding, thus there is no indication that this Court has been vested with general jurisdiction over this matter. In previous filings, the Defendant

1

admits that there is no federal case against him and that he is being held in *state* custody. (Doc. 523).

While he is at liberty to file a habeas petition pursuant to 28 U.S.C. § 2254, it was not clear from the record, nor from the decipherable portions of his motions, that Allison is making claims that would warrant said habeas relief. However, in his recent letter, he provides sections of law that address misconstruing a habeas petition and he appears to asking for some form habeas relief. Accordingly, the Court will send the Allison the forms for filing a § 2254 petition for relief from state custody. However, the Court will caution Allison that, while he is at liberty to file such a motion, habeas relief from state custody is an extraordinary remedy, rarely granted. Allison appears to be operating on the erroneous belief that his pardon still applies and that his state crimes should be excused. The Court has already explained that our system of government does not allow the President of the United States to override the law enforcement of any particular state; if that is his basis for filing a § 2254 petition, then he is unlikely to succeed.

Allison's insistence on filing multiple, barely legible and nonsensical letters, do nothing to aid his case. Neither the President of the United States nor this court has the power to release him from state custody save for the narrow, rare, and extraordinary remedy of § 2254 habeas relief. If Allison chooses to pursue a § 2254 petition and that petition is rejected, writing more letters to this Court does nothing beyond waste judicial time and resources.

Furthermore, the Court has already advised Allison to submit legible and sensical filings in the future—Allison's new, nonsensical, and rambling letters stating that his father was pardoned by two presidents and how everyone makes mistakes were neither sensical nor legible. Failure to heed this advisement in the future may result in sanctions or filing restrictions.

As Allison invokes habeas, in an abundance of caution, the Court hereby **DIRECTS** the Clerk of Court to send Allison a blank copy of the Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus) form and the instructions for filling out that motion alongside this order.

**IT IS SO ORDERED.**
**DATED:  March 26, 2025**

                                          *s/ J. Phil Gilbert*
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**